UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOSHUA REBEL HAYS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:13-CV-197 PS |
|  | ) |  |
| DAVID BONFIGLIO, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

On March 13, 2012, Joshua Rebel Hays, a *pro se* plaintiff, filed this lawsuit against Elkhart Superior Court Judge David Bonfiglio seeking an injunction to remove Judge Bonfiglio from presiding over his State criminal trial [DE 1]. Hays argues that Judge Bonfiglio will not give him a fair trial. Days later, on March 25, 2013, he filed a motion seeking to amend to add the State of Indiana as a defendant and a claim that Indiana Code 33-43-2-1 violates the Indiana Constitution [DE 3]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, 28 U.S.C. § 1915(e)(2)(B)(2) requires that I dismiss this case.

Federal courts do not interfere with state criminal proceedings except in extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37 (1971). "The Younger abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).

The criminal prosecution of Hays is a judicial proceeding that implicates important State interests. Even if I were to assume that Judge Bonfiglio is biased and will not afford Hays a fair trial, the State of Indiana has several means by which Hays can raise those claims in the State courts – including a motion for a change of judge pursuant to Ind. Crim. R. 12(B) and a notice of appeal. Finally, Hays has not alleged any extraordinary circumstances that make abstention inappropriate. "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, [are] not by themselves . . . considered 'irreparable' in the special legal sense of that term." *Younger*, 401 U.S. at 46.

Moreover, though Hays may amend his complaint as a matter of course, *see* Federal Rule of Civil Procedure 15(a)(1), his claim against the State of Indiana that an Indiana statute violates the Indiana constitution is barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.) Even if I had proper jurisdiction over some other claim in this case, I could not exercise pendent jurisdiction over this State Constitutional claim. *Id.* ("A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment"). Thus, it was legally frivolous to have brought this case in this court.

This might be news to some litigants, but it is not news to Hays. This is the ninth case that he has filed in this court. In *State of Indiana v. Hays*, 3:09-cr-076 (N.D. Ind. filed June 12, 2009), Hays attempted to remove his state criminal case from Elkhart Superior Court. In dismissing that case three days later, the court cited *Younger* and explained that federal courts do not interfere with pending State criminal prosecutions. In *Hays v. Brooks*, 3:09-cv-109 (N.D.

Ind. filed March 18, 2009), Hays was told that, as a pretrial detainee, habeas corpus relief was not available until he had exhausted all available State procedures. In *Hays v. Wicks*, 3:12-cv-283 (N.D. Ind. filed June 7, 2012), Hays sued a State court judge who had found him in criminal contempt. Hays was told that judges have judicial immunity. In *Hays v. Owens*, 3:13-cv-093 (N.D. Ind. filed February 12, 2013), Hays sued a conservation officer in an attempt to overturn his conviction for fishing without a licence and was told that this court did not have the authority to directly review his conviction.

Given his history and experience, Hays knows that suing Judge Bonfiglio is meritless. As such, his decision to bring this suit is malicious as well as legally frivolous. Hays did not – and has never – pre-paid the filing fee for any of his cases. "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). The United States Supreme Court has stated approvingly that, "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n. 8 (1989) citing *In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2nd Cir. 1984). Therefore, in addition to dismissing this case as malicious, Hays is cautioned that if he persists in filing meritless lawsuits, he will be fined, sanctioned, and/or restricted.

For the foregoing reasons, the court:

(1) **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

(2) **CAUTIONS** Joshua Rebel Hays that if he files another meritless lawsuit, he will be fined, sanctioned, and/or restricted.

**SO ORDERED.**

ENTERED: April 15, 2013

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT